**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JEAN CARLOS GOMES VIEIRA, | ) ) ) ) | |
| Petitioner, | ) ) | Civil Action |
| v. | ) ) | No. 19-12577-PBS |
| ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, | ) ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER**

January 30, 2020

Saris, D.J.

Petitioner Jean Carlos Gomes Vieira brings this habeas petition seeking relief pursuant to the Court's declaratory judgment in Brito v. Barr, No. 19-11314, 2019 WL 6333093, at *8 (D. Mass. Nov. 27, 2019) ("Brito"). Petitioner argues that his immigration bond hearing did not meet due process standards because he was required to bear the burden of proof, rather than the Government. Petitioner claims he was prejudiced by this error and so is entitled to receive a new bond hearing. Respondent contends that Vieira cannot demonstrate prejudicial injury because there is "clear and convincing evidence that release would impose a danger to the community." No. 10 at 2.

1

For the reasons stated below, the Court hereby **ALLOWS** the petition (Docket No. 1) and **ORDERS** that Petitioner be released unless he receives, within ten calendar days, a bond hearing that complies with the requirements of Brito.[1]

## LEGAL STANDARD

Under 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." After ICE makes the initial decision to detain a noncitizen, the noncitizen may request a bond hearing in immigration court at any time before a removal order becomes final. 8 C.F.R. § 236.1(d)(1). In Pensamiento v. McDonald, the Court held that constitutional due process "requires placing the burden of proof on the government in § 1226(a) custody redetermination hearings." 315 F. Supp. 3d 684, 692 (D. Mass. 2018).

In a subsequent class action, Brito v. Barr, the Court entered the following declaratory judgment:

> [A]liens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the

---

[1] Respondent requests that the Court dismiss the petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases, as well as Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 10 at 1-2 & n.2. Here, the Court evaluates the petition under Rules 4 and 5 of the Federal Rules Governing Section 2254 Cases. See 28 U.S.C. § 2254 (a)(1)(b) ("The district court may apply any or all of these rules to a habeas corpus petition . . . ."). Insofar as Respondent moves to dismiss the petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure, that request is moot.

> Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by the preponderance of the evidence and that no condition or combination of conditions will reasonably assure the alien's future appearance and the safety of the community. At the bond hearing, the immigration judge must evaluate the alien's ability to pay in setting bond above $1,500 and must consider alternative conditions of release, such as GPS monitoring, that reasonably assure the safety of the community and the alien's future appearances.

2019 WL 63333093, at *8. The Court held that class members who had received an unlawful hearing could seek relief by "show[ing] prejudice via an individual habeas petition." Brito v. Barr, 395 F. Supp. 3d 135, 148 (D. Mass. 2019).

To establish prejudice, a petitioner must show that a due process violation <u>could</u> have affected the outcome of the custody redetermination hearing. See Doe v. Tompkins, No. 18-cv-12266, 2019 U.S. Dist. LEXIS 22616, at *3-4 (D. Mass. Feb. 12, 2019) (citing Pensamiento v. McDonald, 315 F. Supp. 3d 692, 693 (D. Mass. 2018); then citing Singh v. Holder, 638 F.3d 1196, 1205 (9th Cir. 2011)). The prejudice inquiry requires the court to conduct "an individualized analysis of [the petitioner's] criminal history and personal characteristics." Brito, 395 F. Supp. 3d at 147.

## FACTS

The following facts are undisputed except where stated otherwise.

3

**I.     Factual Background**

Petitioner is a citizen of Brazil who has lived in the United States since 2001. Docket No. 10-1 ¶ 6; Docket No. 1 at 1. He is married to a U.S. citizen and has an eight-year-old U.S. citizen daughter. Docket No. 1-2 ¶¶ 1-4. Petitioner works fifty to sixty hours per week in a painting company he owns and operates. Id. He files taxes and pays workers compensation insurance for his employees. Docket No. 1-2 ¶ 20.

Petitioner provides regular child support for his daughter. See Docket No. 1-3 at 23. The mother of Petitioner's daughter describes him as "a responsible father" who is "always helping" with financial needs, school visits, and doctor's appointments. Id.

Petitioner was charged with driving under the influence in February 2010. Docket No. 1-2 ¶ 15; Docket No. 1-5 at 8-16. The charge was dismissed after a probationary period in which Petitioner completed required classes related to drunk driving. See Docket No. 1-2 ¶ 15. Petitioner has not been charged or arrested for a similar offense since February 2010.

Separately, Petitioner was arrested eight times between 2002 and 2018 for motor vehicle offenses including operating with a suspended registration or license, operating without a license, operating after a revoked license, operating with an uninsured vehicle, no inspection/sticker, a lights violation,

and providing false information to a police officer (in the form of a fraudulent Brazilian driver's license). Docket No. 10-5 at 1-29. All these charges were subsequently dismissed, continued without a finding, converted to a civil offense, or dismissed with a fine. See Docket No. 1-5 at 2, 5, 7, 9, 17-18, 20, 22-23, 26, 29.[2]

## II.  Custody Redetermination Hearing

Petitioner had been in immigration detention since October 25, 2019. Docket No. 1 at 3. Petitioner received a bond hearing on November 21, 2019. Docket No. 10-3. At the hearing, Petitioner submitted evidence of his relationship with his wife and daughter, and numerous letters of support from his clients, in-laws, church members, soccer teammates, and other friends and family members. Docket No. 1-2 ¶ 3; Docket No. 1-3 at 19-66; Docket No. 1-4 at 1-61. He also submitted his tax documents, business incorporation papers, proof of insurance, and a letter of support from his insurance agent. Docket No. 1-3 at 24-66. In addition, Petitioner's wife submitted a letter expressing her

---

[2] Respondent contends that Petitioner was "convicted" of driving-related offenses on four occasions. Docket No. 10 at 8. This statement may refer to incidents in which Petitioner was found "Responsible" under Mass. Gen. Laws c.277 § 70C for unlicensed operation of a motor vehicle or an Inspection/Sticker offense. See Docket No. 1-5 at 5, 7, 17, 22. Mass. Gen. Laws c.277 § 70C allows Massachusetts state courts to treat a violation of a municipal ordinance or misdemeanor as a civil infraction.

willingness to ensure that Petitioner will not drive until authorized to do so. Docket No. 1-3 at 20.

ICE argued that the Petitioner had not met his burden of proof to demonstrate that he did not represent a danger to the community and property "based on his repeated disregard for the traffic laws of Massachusetts and his OUI conviction." Docket No. 10-1 ¶ 26.

At the conclusion of the hearing, the court determined that Petitioner failed to establish that he was not a danger to persons and property. Docket No. 10-3. The court explicitly declined to consider any alternatives to detention. Docket No. 1-1 ¶ 6.

On December 23, 2019, Petitioner filed an application for Cancellation of Removal. Docket No. 1-1 ¶ 7. The application would allow Petitioner to obtain employment authorization, apply for a Massachusetts driver's license, and ultimately obtain Lawful Permanent Resident status. Id. Separately, Petitioner could obtain a green card through the "stateside provisional waiver" process due to his marriage to a U.S. citizen. Id.

## DISCUSSION

In analyzing a detainee's request for a bond redetermination, an immigration judge may consider several factors, including:

>(1) Whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

Petitioner argues that the result of his bond hearing would have been different if the Immigration Court had placed the burden of proof upon the Government. Respondent contends that the petition should be dismissed because the Petitioner cannot demonstrate prejudice. Because liberty is at stake, the Court writes promptly and briefly.

### I.   Danger to the Community and Conditions of Release

Brito requires the Government to prove that a noncitizen detained pursuant to Section 1226(a) is dangerous by clear and convincing evidence. See 2019 WL 6333903, at *4.

Respondent argues that Petitioner suffered no prejudice from carrying the burden at his bond hearing. Respondent claims that the Immigration Court would have found Petitioner to be a danger to the community, even if the Government carried the burden of proof, because of Petitioner's DUI charge, numerous citations for driving without a license, and two civil restraining orders. Docket No. 10 at 1.

7

Petitioner responds that he has never been charged with or convicted of driving under the influence following his 2010 DUI charge and subsequent counseling sessions. Cf. Matter of Egidijus Siniauskas, 27 I&N Dec. 207, 208 (BIA 2018) (ordering detention of individual who had three convictions for driving under the influence and was also charged for driving under the influence immediately before entering ICE custody). Aside from the ten-year-old DUI charge, Petitioner's driving-related offenses primarily relate to unlicensed operation. Id. at 8-9. Petitioner argues that his wife and friends can assist him in driving him to and from work until he obtains a green card or work authorization to obtain a driver's license. Id. at 9. Given these facts, the burden allocation at Petitioner's hearing could have affected the Immigration Court's assessment of dangerousness. See Doe, 2019 U.S. Dist. LEXIS 22616, at *3-4.

The Respondent argues that Petitioner was not prejudiced in part because he was previously subject to two civil restraining orders, a 90-day order in June 2010 and a 14-day order in April 2013. Docket No. 10 at 5. The record does not indicate that the restraining orders were presented to the Immigration Judge or, more importantly, that the Judge relied on them to make a finding of dangerousness. Docket No. 12 at 4 n.3.[3]

---

[3] Neither party submitted a transcript of the bond hearing or documentation regarding the civil restraining orders.

8

Petitioner also contends that at a new bond hearing he "could propose conditions such as GPS monitoring or an Interlock device," which "would prevent him from driving unless he can blow into the device and assure his sobriety." Docket No. 12 at 13. In light of the heavy burden on the government to prove dangerousness by clear and convincing evidence, and the immigration court's failure to consider alternative conditions of release, Petitioner has adequately demonstrated prejudice.

## CONCLUSION

The petition for a writ of habeas corpus is accordingly **ALLOWED**. The Court **ORDERS** that Petitioner be released unless he receives, within ten calendar days, a bond hearing that complies with the requirements of Brito v. Barr, No. 19-11314, 2019 WL 6333093, at *8 (D. Mass. Nov. 27, 2019).

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge